GILBERT KING AND ESTATE OF MYRTLE F. KING, DECEASED, MARION BURGER, EXECUTRIX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondnent
King v. Commissioner
Docket No. 3544-72.
United States Tax Court
T.C. Memo 1974-130; 1974 Tax Ct. Memo LEXIS 188; 33 T.C.M. (CCH) 596; T.C.M. (RIA) 74130; May 22, 1974, Filed. *188 Gilbert King, pro se, and Paul M. Hendrick, for the Estate petitioner. William H. Newton, III, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency 1966
$2,651.12
1967
2,780.63
The issues presented are: (1) whether Gilbert King was employed as an independent contractor with K & G Contractors so as to be liable for the self-employment tax; (2) whether respondent erred in disallowing certain deductions claimed by petitioners in connection with G & G Contractors; and (3) whether respondent erred in disallowing certain deductions claimed by petitioners in connection with K & G Contractors. FINDINGS OF FACT Gilbert King (hereinafter petitioner) and Myrtle F. King (now deceased) were husband and wife residing in Miami Beach, Fla., at the time of the filing of their petition with this Court. During the taxable years 1966 and 1967 joint returns were filed with the district director of internal revenue in New Orleans, La.
Respondent determined that petitioner was an independent contractor associated with a partnership known as *189 K & G Contractors (hereinafter K & G). The joint returns indicated that petitioner was an independent contractor. Petitioner did not present any evidence to corroborate his claim that he was not an independent contractor associated with K & G. During the taxable years 1966 and 1967 petitioner and one Abraham Goldfarb were partners in a partnership known as G & G Contractors (hereinafter G & G). No evidence was presented reflecting petitioner's adjusted basis in G & G or of G & G's profit and loss accounts, balance sheets or of any other financial data. The following chart indicates the deductions claimed by petitioners with respect to G & G and the disallowance by respondent: 1966
1967
Claimed
Allowed
Claimed
Allowed Bad Debts
$4,140
-0-
$ 240
-0-
Loss: "G & G Builders"
540
-0-
--
--
Materials and Supplies
--
--
4,600
--
$4,680
-0-
$4,840
-0-
With respect to the claimed bad debt and business loss deductions, no evidence was presented to substantiate either the amounts of these bad debts and losses or that they were in fact sustained during the years in issue. Nor was any evidence presented to substantiate the materials *190 and supplies deduction.
The following chart indicates the deductions claimed by petitioners in connection with K & G and the allowances and disallowances by respondent: 1966 *2* 1967
Claimed
Allowed
Claimed
Allowed Chauffeur and cab expenses
$ 2,260.00
$1,500.00
$ 2,140.00
$1,500.00
Automobile expenses
1,025.00
1,025.00
1,140.00
1,140.00
Entertaining customers
700.00
-0-
650.00
-0-
Lead takers and salesmen
1,360.00
3,321.72
1,475.00
1,475.00
Depreciation
333.33
333.33
333.33
333.33
Insurance (automobile)
270.00
270.00
--
--
Legal and Professional fees
200.00
200.00
160.00
160.00
Tax preparation
--
--
70.00
70.00
Advertising and sales promotion
1,240.00
-0-
1,150.00
-0-
Living expenses while on business away from home
$ 2,160.00
-0-
$ 1,450.00
-0-
Telephone and office rental
790.00
-0-
1,225.00
-0-
Agent's expenses
535.00
535.00
580.00
580.00
Office expenses
825.00
-0-
--
--
Stationary, postage, circulars & catalogs
680.00
-0-
575.00
-0-
Samples & materials
--
--
360.00
-0-
Totals
$12,378.33
$7,185.05
$11,308.33
$5,258.33
No evidence was presented to show that petitioners *191 were entitled to greater deductions than those allowed by respondent. OPINION With respect to each issue presented the burden of proof is on petitioners to show error in respondent's determinations. Rule 142, Tax Court Rules of Practice and Procedure. Petitioners herein have failed to produce any admissible evidence to demonstrate error. Consequently, respondent's determinations must be sustained. Decision will be entered for the respondent.